UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 08 887

| | | |
|---|---|---|
| UNIVERSITY OTOLARYNGOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>KARENZUPKO & ASSOCIATES, INC.,<br><br>Defendant. | : | C.A. No. |

**COMPLAINT**

Plaintiff University Otolaryngology ("Plaintiff"), as and for its Complaint against Defendant KarenZupko & Associates, Inc. ("KZA"), hereby alleges as follows:

**Parties and Jurisdiction**

1. Plaintiff is a Rhode Island corporation with offices in Providence and East Greenwich.

2. KZA has its principal place of business located at 625 North Michigan Avenue, Chicago, Illinois and, on information and belief, is an Illinois corporation.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5. KZA has sufficient contacts with Rhode Island to subject it to personal jurisdiction in this Court.

**Factual Allegations**

6. Plaintiff is a medical practice specializing in otolaryngology.

7. KZA is a medical practice consultant, and promotes itself as being able to deliver comprehensive practice management services, including conducting on-site "Practice Assessments" nationwide. Those Practice Assessments include a review of financial systems and controls, operational efficiencies, personnel issues and costs, and possible reduction of overhead costs.

8. Due to cash flow issues and based upon representations from KZA related to its specialized skills, Plaintiff engaged KZA in or about April 2006 to conduct a Practice Assessment of Plaintiff's practice. The "2006 Consultative Services Agreement" (the "Agreement") between KZA and Plaintiff memorialized the agreement between the parties related to the conduct of the Practice Assessment. A true and accurate copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.

9. MBAs Sarah Wiskerchen and Teri Gatchel of KZA conducted their site visit work at Plaintiff's offices in Rhode Island on April 24 through 28, 2006.

10. KZA, through Wiskerchen and Gatchel, delivered its findings and recommendations to the partner physicians of Plaintiff on April 28, 2006, again in Rhode Island.

11. KZA ultimately delivered a "Consultative Services Report" (the "Report") to Plaintiff in Rhode Island in June 2006, which detailed, *inter alia*, the work that KZA purportedly conducted relative to its recommendations.

12. Of specific significance, KZA conducted a salary and overhead analysis of Plaintiff's practice. KZA reported the results of that analysis in a section of the Report

entitled "Staff Compensation Analysis." KZA represented on page 41 of the Report that it "prepared a spreadsheet that compared each employee's expected annual income in 2005 ... to each employee's actual W-2 salary amount." The Report also included a spreadsheet entitled "Staff Salary and Overhead Analysis" (the "Salary Spreadsheet") that purported to document the salary, including overtime, for each member of Plaintiff's staff for 2005.

13. KZA misrepresented the fact that it reviewed W-2s. KZA did not review any W-2s, but rather relied solely on a spreadsheet that Plaintiff's practice manager Patricia Lemois had prepared. Lemois dramatically underreported her income and the income of her co-conspirator, Providence office and accounts payable manager Joanne Marseglia, to cover up their on-going embezzlement of practice funds.

14. Lemois and Marseglia perpetrated their embezzlement by paying to themselves unauthorized salary in the form of bonuses, "other income" and vacation time from at least 2003 through October 2006. Those unauthorized payments equal at least $750,000.00, and accelerated after KZA had delivered its verbal recommendations in April 2006, so that from late April 2006 through October 2006, Lemois and Marseglia made unauthorized payments to themselves of no less than $250,000.00.

15. KZA reported in its Salary Spreadsheet that Lemois received $65,600.00 and Marseglia received $49,400.00 in total salary for 2005; in actuality, based upon their W-2s, Lemois received $276,298.00 and Marseglia received $125,388.00 in total salary for 2005.

16. Plaintiff paid KZA $29,000 plus expenses for the Practice Evaluation and Report.

17. On October 19, 2006, Plaintiff engaged a financial manager to oversee Plaintiff's business. The financial manager commenced employment with Plaintiff on October 30, 2006.

18. Plaintiff's Providence office was burglarized on the evening of October 27 and/or early morning of October 28, 2006. The point of ingress for the burglars appeared to be an office door whose latch had been taped over. The property taken during the burglary included two desktop computers and back-up disks containing Plaintiff's financial records, along with a handful of syringes. Other items in the office, including petty cash and boxes of syringes, were left undisturbed.

19. Plaintiff thereafter conducted a thorough review of its financial records, which disclosed the embezzlement of Lemois and Marseglia.

20. But for KZA's failure to review W-2s and misrepresentation of that fact to Plaintiff, KZA would have discovered the embezzlement of Lemois and Marseglia during its site visit in April 2006, thereby preventing the embezzlement that occurred thereafter through October 2006.

**COUNT I**
**(Negligence)**

21. Plaintiff incorporates paragraphs 1-20 above by reference.

22. KZA breached its duty of care and professional competence, causing Plaintiff to suffer damages as a proximate result of that breach.

**COUNT II**
**(Fraud)**

23. Plaintiff incorporates paragraphs 1-22 above by reference.

24. KZA made statements of false material fact to Plaintiff with the knowledge of the falsity of such statements or in circumstances where KZA should have known of the falsity of such statements, with the intention of inducing Plaintiff to rely thereon.

25. Plaintiff reasonably relied on the statements of KZA. As a result of KZA's false representations, Plaintiff has suffered and continues to suffer damages.

**COUNT III**
**(Negligent Misrepresentation)**

26. Plaintiff incorporates paragraphs 1-25 above by reference.

27. KZA made false statements of material fact to Plaintiff with knowledge of the falsity of such statements or in circumstances where KZA should have known of the falsity of such statements, with the intention of inducing Plaintiffs to rely on such statements.

28. Plaintiffs reasonably relied on these statements to their detriment, and have suffered damages as a result of justifiable reliance thereon.

**COUNT IV**
**(Breach of Contract)**

29. Plaintiffs incorporate paragraphs 1-28 above by reference.

30. KZA has breached its contract with Plaintiffs and Plaintiffs have suffered and continue to suffer damages as a result of that breach.

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in Plaintiff's favor and award the following relief:

A. Enter judgment in favor of Plaintiff against KZA, in an amount to satisfy all of Plaintiff's damages including costs, interest and attorney's fees; and

B. Grant such other and further relief as is just and proper.

Plaintiff demands a jury trial.

UNIVERSITY OTOLARYNGOLOGY

By its Attorney,

Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)