UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNIVERSITY OTOLARYNGOLOGY,<br>Plaintiff,<br><br>v.<br><br>KARENZUPKO & ASSOCIATES, INC.,<br>Defendant. | CIVIL ACTION NO. 08 88 T<br>**Jury Trial Demanded** |

## ANSWER TO AMENDED COMPLAINT

Defendant KarenZupko & Associates, Inc., responds to the allegations of the amended complaint as follows:

## PARTIES AND JURISDICTION

1. The defendant admits the allegations contained in paragraph 1 of the complaint.

2. The defendant admits allegations contained in paragraph 2 of the complaint.

3. The defendant denies that the amount in controversy legitimately exceeds $75,000 and therefore denies the remaining allegations contained in paragraph 3 of the complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

## FACTUAL ALLEGATIONS

6. The defendant admits the allegations contained in paragraph 6 of the complaint.

7. The defendant admits that it is a practice management consulting and training firm working for and with physicians, and the defendant admits that it provides services

addressed to operational efficiencies, personnel issues and costs, and possible reduction of overhead costs. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the complaint.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8 of the complaint, and the defendant admits the allegations contained in the second and third sentences of paragraph 8 of the complaint.

9. The defendant admits the allegations contained in paragraph 9 of the complaint.

10. The defendant denies the allegations contained in paragraph 10 of the complaint.

11. The defendant admits that it delivered a "Consultative Services Report" to the plaintiff in June 2006 and denies the remaining allegations contained in paragraph 11 of the complaint.

12. The defendant denies the allegations contained in paragraph 12 of the complaint to the extent that it characterizes the report referred to therein in a misleading and incomplete fashion. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning matters of "specific significance" alleged in paragraph 12 of the complaint.

13. The defendant denies the allegations contained in the first sentence of paragraph 13 of the complaint, admits that it reasonably relied on a spreadsheet provided by the plaintiff rather than each employee's W-2 form, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the complaint.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and, further answering, states that the matters referred to in paragraph 14 of the complaint were not within the scope of the consultative services agreement referred to in paragraph 8 of the complaint.

15. The defendant admits that the spreadsheet reported that Lemois received $65,600 and Marseglia received $49,400 in total salary for 2005, and the defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the compliant.

16. The defendant admits the allegations contained in paragraph 16 of the complaint.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. The defendant denies the allegations contained in paragraph 20 of the complaint.

**COUNT I**

21. The defendant incorporates by reference and restates herein its responses to paragraphs 1 through 20 above.

22. The defendant denies the allegations contained in paragraph 22 of the amended complaint.

## COUNT II

23. The defendant incorporates by reference and restates herein its responses to paragraphs 1 through 22 above.

24. The defendant denies that it had the type of special relationship with the plaintiff that would have given rise to a fiduciary obligation and therefore denies allegations contained in paragraph 24 of the amended complaint.

25. The defendant denies the allegations contained in paragraph 25 of the amended complaint.

26. The defendant denies the allegations contained in paragraph 26 of the amended complaint.

## COUNT III

27. The defendant incorporates by reference and restates herein its responses to paragraphs 1 through 26 above.

28. The defendant denies the allegations contained in paragraph 28 of the amended complaint.

29. The defendant denies the allegations contained in paragraph 29 of the amended complaint.

## COUNT IV

30. The defendant incorporates by reference and restates herein its responses to paragraphs 1 through 29 above.

31. The defendant denies the allegations contained in paragraph 31 of the amended complaint.

32. The defendant denies the allegations contained in paragraph 32 of the amended complaint.

**COUNT IV [SIC]**

33. The defendant incorporates by reference and restates herein its responses to paragraphs 1 through 32 above.

34. The defendant denies the allegations contained in paragraph 34 of the amended complaint.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

The Court may lack personal jurisdiction over the defendant.

Second Affirmative Defense

The Complaint should be dismissed to the extent, if any, that there has been a failure of service of process or an insufficiency of service of process.

Third Affirmative Defense

Counts I and III, and all related allegations of negligence are barred by the economic loss doctrine.

Fourth Affirmative Defense

The plaintiff's claims for fraud and misrepresentation are barred because the Complaint fails to allege fraud and misrepresentation with the degree of particularity required by Fed. R. Civ. P. 9(b).

Fifth Affirmative Defense

The plaintiff's negligence claims are barred or proportionally reduced by the plaintiff's own negligence.

<u>Sixth Affirmative Defense</u>

The plaintiff is estopped from asserting and/or has waived the claims alleged in the complaint.

<u>Seventh Affirmative Defense</u>

The duty alleged in the complaint was not within the scope of the Consultative Services Agreement referred to in paragraph 8 of the complaint.

<u>Eighth Affirmative Defense</u>

The complaint is barred because the defendant was entitled to rely and did reasonably rely on data provided to it by the plaintiff in connection with the services provided under the Consultative Services Agreement referred to in paragraph 8 of the complaint.

<u>Ninth Affirmative Defense</u>

The complaint must be dismissed to the extent, if any, that it is barred by any applicable statute of limitation, or any amendment thereto.

<u>Tenth Affirmative Defense</u>

The complaint is barred to the extent that the plaintiff could have, but failed to mitigate its alleged damages.

<u>Eleventh Affirmative Defense</u>

The plaintiff's recovery is barred to the extent that there was a failure of consideration under the alleged contract or a failure on the part of the plaintiff to perform all of its obligations under the contract, including, but not necessarily limited to, any failure to encourage staff to contribute forthrightly to the process and any failure to identify all objectives in advance of the defendant's performance under the Consultative Services Agreement.

Twelfth Affirmative Defense

The harm alleged in the complaint is the result of a supervening or intervening cause and not the conduct of the defendant.

Thirteenth Affirmative Defense

The harm alleged in the complaint arose from the conduct of persons or entities for whom and for which the defendant had no responsibility.

Fourteenth Affirmative Defense

Any and all representations made by the defendant were true and accurate.

Fifteenth Affirmative Defense

The harm alleged in the Complaint was not reasonably foreseeable to the defendant.

Fifteenth Affirmative Defense

The plaintiff assumed the risk of the harm alleged in the Complaint.

Sixteenth Affirmative Defense

There was no ongoing and/or special relationship between the plaintiff and the defendant that would have given rise to a fiduciary duty owed by the defendant to the plaintiff. Rather, The scope of the defendant's duty was defined by a solitary and arms-length contractual agreement that did not create any fiduciary relationship between the parties.

**JURY DEMAND**

The defendant claims trial by Jury.

KARENZUPKO & ASSOCIATES, INC.

By its attorneys,

/s/ Kevin C. Cain
Kevin C. Cain, # 3960
Peabody & Arnold LLP
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 521-3742

Dated: May 1, 2008

**CERTIFICATE OF SERVICE**

I, Kevin C. Cain, counsel for the Defendant, KarenZupko Associates Inc., do hereby certify, that I have this 1st day of May, 2008, filed the foregoing document through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants.

/s/ Kevin C. Cain
Kevin C. Cain

PABOS2:RNAHIGI:680824_1
15116-93024